IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD JACKSON, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN PALAKOVICH, et al. | : | NO. 07-3995 |

MEMORANDUM

Baylson, J.                                                                                       November 26, 2008

## I.     Introduction

Petitioner, Richard Jackson, filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner claims that his state trial court judge committed sentencing violations and that the prosecutor committed prejudicial misconduct in violation of double jeopardy.

The undersigned referred the case to Magistrate Judge Linda K. Caracappa for a Report and Recommendation ("R & R") on the merits. Magistrate Judge Caracappa filed her R & R (Doc. No. 10) on May 30 , 2008, and presently before the Court are Petitioner's Objections to the R & R (Doc. No. 13), which he timely filed on July 9, 2008.

Upon independent and thorough review, and for the reasons stated below, this Court rejects Petitioner's objections and adopts Magistrate Judge Caracappa's R & R.

## II.    Factual Background and Procedural History

According to the record before the Court, Petitioner was convicted of two counts of robbery and one count of criminal conspiracy by a jury in the Philadelphia Court of Common Pleas on March 6, 1997. The conviction arose out of a robbery of a Rite Aid drugstore committed by Petitioner and his co-conspirator in December 2005. Petitioner's co-conspirator

forced the store manager at gunpoint to open the store safe and then stole about $1,600 while Petitioner distracted the store security guard.

Petitioner initially was charged with criminal conspiracy, firearms-related charges, and three counts of robbery. During his first trial, the jury found Petitioner not guilty on one count of robbery and the firearms charges; the jury did not reach a verdict on the remaining charges. At his second trial, Petitioner was convicted of two counts of robbery and one count of criminal conspiracy. Judge Eugene Maier sentenced Petitioner to twenty-five to fifty years imprisonment.

Petitioner appealed his conviction on the grounds of prosecutorial misconduct, and the Superior Court affirmed on September 14, 1998. Commonwealth v. Jackson, 726 A.2d 1079 (Pa. Super. Ct. 1998). The Supreme Court of Pennsylvania declined review. Commonwealth v. Jackson, 739 A.2d 105 (Pa. Super. Ct. 1998).

Petitioner filed a petition for relief pursuant to the Post Conviction Relief Act, 42 Pa. C.S. § 9541, et seq., on June 15, 2000. The trial court denied relief on March 19, 2001. The Superior Court reversed the trial court's decision and remanded the case for re-sentencing. The Court determined that Petitioner's counsel on direct appeal was ineffective due to failure to raise the trial court's failure to order a pre-sentencing report without sufficient reason. Commonwealth v. Jackson, 797 A.2d 373 (Pa. Super. Ct. 2002).

On remand, Petitioner was re-sentenced by Judge Maier to twenty to forty years imprisonment plus ten years probation. The court imposed the same sentences for each of the two counts of robbery (ten to twenty years each) but changed the conspiracy sentence from imprisonment to probation. The Petitioner appealed his re-sentencing, and the Superior Court affirmed the trial court. Commonwealth v. Jackson, 850 A.2d 9 (Pa. Super. Ct. 2004). The

Supreme Court of Pennsylvania declined review. 956 A.2d 832 (Pa. 2004).

Petitioner filed his first petition for Habeas Corpus in this Court on October 12, 2004, asserting ineffective assistance of counsel for failing to argue that the trial court impermissibly enhanced his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000) on the basis of facts not necessarily before the jury, as extended by Blakely v. Washington, 542 U.S. 296 (2004). This Court dismissed Petitioner's Writ without prejudice as unexhausted since it had not been directly considered by a state court. See Jackson v. Palakovich, 2005 WL 61453 (2005).

Petitioner filed a second Post Conviction Relief Act claim in Pennsylvania state court. The trial court dismissed his application as frivolous and allowed his counsel to withdraw subsequent to counsel's "no merit" letter pursuant to Commonwealth v. Finley, 479 A.2d 568 (Pa. Super. Ct. 1984). Petitioner appealed, making two claims: (1) his trial counsel was ineffective for failing to attack his sentence as based on prior juvenile adjudications that enhanced the sentence and other impermissible factors and (2) his trial counsel was ineffective for failing to raise the Apprendi claim described above. The Superior Court rejected the first claim as "previously litigated," since its previous decision rejecting his claim of sentencing error on direct appeal foreclosed a finding of ineffective assistance of counsel for failing to assert the same or materially identical claims of error. The court rejected his second claim because the case was not appropriate for an Apprendi analysis where none of the factors changed the grading of the offense or increased the maximum sentence that Petitioner received for robbery. Commonwealth v. Jackson, 932 A.2d 255 (2007). Petitioner did not seek review by the Pennsylvania Supreme Court.

Petitioner filed this renewed Petition for Writ of Habeas Corpus on September 24, 2007

(Doc. No. 1). The Respondents filed a Response on November 11, 2007 (Doc. No. 6), and the Petitioner filed a Reply on November December 21, 2007 (Doc. No. 9).

### III.     Parties' Contentions

#### A.     Summary of the Magistrate Judge's R & R

Judge Caracappa reviewed the procedural history and concluded that the Superior's Courts rejection of Petitioner's claim was not contrary to or an unreasonable application of clearly established federal law, and that the trial court did not violate Petitioner's rights by an exercise of its discretion in sentencing Petitioner to the maximum sentence allowed under the statute. As to the claim of misconduct, Judge Caracappa relied on the Superior Court's denial of this claim and applied the same tests, finding that the Superior Court's holding was not contrary to or an unreasonable application of clearly established federal law and did not constitute a violation of Petitioner's rights against double jeopardy.

#### B.     Petitioner's Objections

The petitioner has raised ten separately numbered objections, basically asserting that his rights under Apprendi were violated and also his rights under Blakely v. Washington, 124 S. Ct. 2531, 2004.

Although the objections also assert that the sentencing judge has admitted that a defendant that chooses a trial instead of accepting plea bargain will receive the statutory maximum, the source he cites does not support this allegation, and it will not be considered further.

### IV.     Standard of Review

In ruling on objections to the R & R of a United States Magistrate Judge, this Court

reviews de novo only the findings of the R & R that Petitioner specifically objects to. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72.

### A. Antiterrorism and Effective Death Penalty Act

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings only if the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state decision is "contrary to" clearly established federal law if the state court "arrives at an opposite decision to that reached by the Supreme Court on a question of law" or arrives at an opposite result when confronting facts that are "materially indistinguishable from a relevant Supreme Court precedent." Williams v. Taylor, 529 U.S. 362, 405 (2000). In addition, a state adjudication is an "unreasonable application" of federal law if the court correctly uses governing legal principles of the Supreme Court but "unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2000).

In this Court's analysis of habeas petitions, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has the burden to rebut this presumption of correctness by clear and convincing evidence. Id. Therefore, with respect to claims adjudicated on the merits in state court, AEDPA requires a deferential standard of review of the state court's ruling.

### B. Ineffective Assistance of Counsel

In order to establish a claim of ineffectiveness, a petitioner must show that counsel's performance was deficient, and the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's performance is deficient only if it "fell below an objective standard of reasonableness." Id. at 688. In assessing counsel's performance, a court must begin with the presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if Petitioner establishes that counsel's conduct was "professionally unreasonable," the Sixth Amendment is not violated unless there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome" of the trial. Id.

## V. Discussion

### A. Sentencing Enhancement

Petitioner argues that his sentencing judge used improper factors to sentence him, including his juvenile record, references to a gun even though Petitioner was acquitted of any gun charges, and comments about Petitioner's family, resulting in a sentence well above the Pennsylvania Sentencing Guidelines. According to Petitioner, under the guidelines his minimum sentence was to fall within the thirty-three to forty-eight month range, plus or minus six months for aggravation or mitigation. (Pt'r's Br. Supp. Pet. Writ Habeas Corpus 8.) Instead, he was sentenced to the statutory maximum sentence available for a first-degree felony of twenty years.

In Apprendi, the Supreme Court held that besides prior convictions, any facts that increase the penalty for a crime beyond the prescribed statutory maximum must be proved to a

jury beyond a reasonable doubt. 530 U.S. at 490. Blakely applies Apprendi and clarifies that the maximum sentence a judge may impose is based "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. Petitioner argues that in U.S. v. Richardson, 313 F.3d 121 (2002), the Third Circuit found that using juvenile adjudications to enhance an adult sentence in Pennsylvania violated Apprendi since juveniles in Pennsylvania do not have a right to a jury trial. However Richardson mentioned the issue of whether a juvenile adjudication can increase the criminal penalty beyond the statutory maximum but did not rule on the issue and instead determined the case on other grounds. Id. At 125.

The court rejects the petitioner's claim that his rights under Apprendi were violated for two reasons. First, regarding Petitioner's claim on the merits, under Apprendi and its progeny, the Court has clearly carved out an exception for sentencing and decisions that rely on prior convictions. The record of this case shows that defendant had juvenile adjudications and prior convictions, and that the sentencing judge took these into account but did not go above the statutory maximum in imposing the sentence. The Supreme Court has never applied Apprendi to Defendant's facts. The sentencing judge did not make any factual findings that led to a higher maximum sentence, but only took the Defendant's criminal record into account in imposing his sentence. This does not amount to a violation of Apprendi or Blakely.

Second, as to Petitioner's claim of ineffective assistance of counsel in failing to raise this argument in state court, the court fails to find any prejudice. Petitioner's counsel's conduct took place prior to Blakely and he cannot be charged with failure to anticipate Blakely. Regardless, Blakely does not give petitioner any claim of substantive relief, since Petitioner's sentence fell within the statutory maximum for robbery.

### B. Prosecutorial Misconduct

The Petitioner fails to show any Supreme Court holding that would require this court to grant relief. A claim of prosecutorial misconduct is essentially a factual review of the record, which is precluded by the Superior Court's September 14, 1998 opinion evaluating the same statements raised in Petitioner's habeas petition and determining that the comments were not improper and did not deny Jackson a fair trial. (See Resp't's Resp. Pet. Writ Habeas Corpus Ex. A 4.) Although the Superior Court evaluated Jackson's claim of double jeopardy under the Pennsylvania Constitution, the Petitioner has not sufficiently rebutted the state court's factual findings as to each of Jackson's assertions of improper statements by the prosecutor. Therefore Petitioner has shown no prosecutorial misconduct that implicated the Double Jeopardy Clause of the U.S. Constitution.

### VI. Conclusion

For the foregoing reasons, Petitioner's Complaint will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD JACKSON, : CIVIL ACTION
:
v. :
:
JOHN PALAKOVICH, et al. : NO. 07-3995

ORDER

And now, this 26th day of November, 2008, after review of the Magistrate's Report and Recommendations, it is hereby **ORDERED**:

1. The petitioner's objections are overruled.

2. The Magistrate Judge's Report and Recommendation is adopted.

3. The petition is dismissed with prejudice.

4. There is no certificate of appealability.

5. The Clerk shall close this case.

BY THE COURT:

/s Michael M. Baylson

Michael M. Baylson, U.S.D.J.

A:\Memo re Objections to R&R.wpd